IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| FELICIA MICHELLE CULLARS, )<br>)<br>     Plaintiff,                              )<br>)<br>v.                                                 )<br>)<br>MR. PATEL MUNISHA and MRS. FNU )<br>MUNISHA,                                 )<br>)<br>     Defendants.                          ) | CV 120-068 |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

**I.    SCREENING OF THE COMPLAINT**

   **A.    BACKGROUND**

Plaintiff names as Defendants (1) Mr. Patel Munisha, and (2) Mrs. FNU Munisha. (See doc. no. 1, pp. 1, 10.) Plaintiff asserts claims against Defendants for racial and gender discrimination, and humiliation. (Id. at 12.) Taking all of Plaintiff's factual allegations as

true, as the Court must for purposes of the present screening, the facts are as follows.

Defendants are the fourth owners of a convenient store Plaintiff has frequented for the past thirty years, with no prior problems with the previous three store owners. (Id. at 3.) In early November 2019, Plaintiff informed Defendants on two separate occasions she was threatened outside their store with bodily harm. (Id. at 4-5.) Defendants informed Plaintiff to call the police as they were not responsible for events occurring outside their store. (Id. at 5.) Plaintiff felt unfairly treated due to Defendants' inaction. (Id.) On December 14, 2019, an older female customer complained to Defendants that Plaintiff "said something to her out-of-the-way." (Id. at 6.) Plaintiff asserts she merely commented the woman reminded Plaintiff of her grandmother. (Id. at 5.) Defendants called the police and made false statements accusing Plaintiff of harassing customers. (Id. at 5, 12.) Plaintiff informed the police she has never harassed anyone at Defendants' store or anywhere else. (Id. at 6.) The woman who made the complaint left the store before the police arrived. (Id.) Plaintiff signed a criminal trespass paper to prevent being arrested, agreeing she would not enter the premises again. (Id.) Defendants posted the criminal trespass paper on the front entrance of the store. (Id. at 8.) For relief, Plaintiff requests $50, 000 in compensatory damages. (Id. at 12.)

    **B.    DISCUSSION**

        **1.    Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A

claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*).

However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a § 1983 Claim Against Defendants

Plaintiff fails to state a viable § 1983 claim against Defendants because they are not state actors.  To establish a § 1983 claim, a plaintiff must show "the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).  Consequently, "'the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.'"  Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999)).  However, a private actor may qualify as a "state actor" for purposes of § 1983 if one of three conditions is met: "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ('State compulsion test'); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ('public function test'); or (3) 'the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[]' ('nexus/joint action test')."  Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting NBC, Inc. v. Communications Workers of America, 860 F.2d 1022, 1026-27 (11th Cir. 1988)).

Here, Defendants satisfy none of the three tests.  Based on Plaintiff's allegations, Defendants are private store owners whose actions were not compelled by the state, a

4

traditional public function, or part of a joint enterprise with the state.  Accordingly, Defendants were acting solely as private actors, and Plaintiff fails to state a claim for relief against them.

### 3. Plaintiff Fails to State a § 1981 Claim Against Defendants

42 U.S.C. § 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . .," and it broadly protects "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."  42 U.S.C. § 1981(b).  The elements of a prima facie case for race discrimination under § 1981 are: "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute."  Kinnon v. Arcoub, Gopman & Assocs., Inc., 490 F.3d 886, 891 (11th Cir. 2007) (quoting Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1270 (11th Cir. 2004)).  In the retail context, the Eleventh Circuit requires customer-plaintiffs to allege they were prevented, and not merely deterred, from making a purchase.  Lopez v. Target Corp., 676 F.3d 1230, 1234 (11th Cir. 2012).  To prevail, Plaintiff must ultimately prove Defendants failed to perform a contractual obligation as a result of intentional discrimination on the basis of race.  Robinson v. Paragon Foods, Inc., No. CIVA1:04-CV-2940-JEC, 2006 WL 2661110, at *4 (N.D. Ga. Sept. 15, 2006).

Plaintiff's complaint does not support a race discrimination claim under § 1981 because Plaintiff does not assert any facts suggesting she was intentionally discriminated against on the basis of race.  Plaintiff concedes her interactions with Defendants were pleasant and Defendants made no effort to prevent Plaintiff from shopping at the store until the older female customer

5

complained about Plaintiff's alleged behavior. Nor does Plaintiff allege Defendants made any comment about her race or engaged in any racially discriminatory practices. (Doc. no. 1, p. 3.); see Lowery v. Office Depot, Inc., No. 1:07-CV-1614-CC-CCH, 2009 WL 10700357, at *6 (N.D. Ga. Jan. 23, 2009), *adopted by* Lowery v. Office Depot, Inc., No. 1:07-CV-1614-CC, 2009 WL 10700325 (N.D. Ga. Feb. 11, 2009) (dismissing § 1981 claim because "Plaintiff never heard anybody at Office Depot use any racially derogatory or offensive comments or remarks to him or anyone else at any time" and was "unaware of any customer who was treated differently from him . . . ."); McBryde v. Publix Supermarket, No. 2:13-CV-445-WKW, 2013 WL 4567039, at *3 (M.D. Ala. Aug. 28, 2013) (finding no intentional race discrimination claim where plaintiff did not allege store employees behaved in an inappropriate, offensive, or unusual manner). Thus, the facts asserted fail to state a claim under § 1981.

### 4.     Plaintiff Fails to State a Claim Under Title II of the Civil Rights Act of 1964

Title II of the Civil Rights Act of 1964, provides "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a. Under Title II, Plaintiff must show "a likelihood of substantial and immediate irreparable injury" and is only entitled to injunctive relief. Brooks v. Collis Foods, Inc., 365 F. Supp. 2d 1342, 1351 (N.D. Ga. 2005). To the extent Plaintiff contends Defendants denied her equal access to a place of public accommodation because of her race in violation of Title II, the claim fails because a retail store is not a covered establishment as defined in 42 U.S.C. § 2000a(b). See McBryde v. Publix

Supermarket, No. 2:13-CV-445-WKW, 2013 WL 4567039, at *3 (M.D. Ala. Aug. 28, 2013) (dismissing plaintiff's claims against Publix because retail store is not a covered establishment under Title II); see also Chavez v. Wylie, No. 18-cv-7965, 2019 WL 6873806, at *3 (S.D.N.Y. Dec. 17, 2019) ("Courts have found that retail establishments are not public accommodations under Title II.").

### 5. Plaintiff Fails to State a Claim for Gender Discrimination

Plaintiff seeks relief against Defendants for gender discrimination. However, there is no cause of action for gender discrimination by a purely private party in a non-employment situation. See Thomas v. Wal-Mart Stores E., L.P., No. 7:08-CV-119-HL, 2009 WL 2973124, at *1 (M.D. Ga. Sept. 16, 2009) (holding there is no cause of action for gender discrimination where plaintiff alleged Wal–Mart discriminated against him on basis of gender by refusing to accept his check as payment for groceries). Therefore, the facts asserted fail to state a claim for gender discrimination.

### 6. Any Potential State Law Claims Should Be Dismissed

To the extent Plaintiff may have any viable state law claims regarding the events alleged in her complaint, those should be dismissed so that Plaintiff may pursue them in state court. Pursuant to 28 U.S.C. § 1331, District Courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the

district court has dismissed all claims over which it has original jurisdiction. . . ." Id. § 1367(c)(3) (emphasis added).

Indeed, a District Court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists. See Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000) (directing dismissal of state law claims when case "retains no independent basis for federal jurisdiction"); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."). Accordingly, any potential state law claims should be dismissed so that Plaintiff may, if she chooses, pursue them in state court.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 20th day of July, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA